## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIP GISCLAIR** | **CIVIL ACTION NO.** |
| **VERSUS** | **SECTION:** |
| **WOOD TOWING, L.L.C., WOOD RESOURCES, L.L.C. AND MILE POINT, L.L.C.** | **JUDGE** |
| | **MAGISTRATE** |

### SEAMAN'S COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Kip Gisclair ("Plaintiff"), a person of full age of majority, respectfully represents upon information and belief as follows:

1.

Plaintiff is a 57-year-old Louisiana resident. He files this Seaman's Complaint for Damages because he sustained significant injuries while working as a Jones Act seamen for the Defendants. He is disabled and unable to return to work. Defendants are responsible for Plaintiff's losses and injuries under the Jones Act and General Maritime Law. Defendants are also responsible for compensatory damages, attorneys' fees and punitive damages for their failure to honor their Maintenance and Cure responsibilities under the General Maritime Law.

2.

Jurisdiction and venue are proper before this Court based upon the Jones Act, 46 U.S.C. 30104 et seq. and General Maritime Law.

3.

Made defendants herein are the following corporate entities which are all are indebted unto Plaintiff for all damages to which he is entitled to receive as prayed for herein, together with legal interest from the date of judicial demand until paid and for all costs of these proceedings for the following, non-exclusive, acts of negligence, as set forth in this complaint:

A. Wood Towing, L.L.C., a limited liability company organized and existing under the laws of the State of Delaware, but who can be found for Jones Act venue purposes within this judicial district. Said limited liability company has designated Donald W. Wood, Jr., 5821 River Road, Avondale, LA 70094, as its agent for service of process and has further designated that address as its domicile address.

B. Wood Resources, L.L.C., a limited liability company organized and existing under the laws of the State of Louisiana, who can be found for Jones Act venue purposes within this judicial district. Said limited liability company has designated Donald W. Wood, 5821 River Road Avondale, LA 70094 as its agent for service of process and has further designated that address as its domicile address.

C. Mile Point, L.L.C., a limited liability company organized and existing under the laws of the State of Louisiana, who can be found for Jones Act venue purposes within this judicial district. Said limited liability company has designated Stacy Trombley, 5821 River Road Avondale, LA 70094 as its agent for service of process and has further designated that address as its domicile address.

4.

Said Defendants are engaged in a systematic and regular course of business within this district and within the jurisdiction of this Honorable Court. Their principal business establishment is in Avondale, Louisiana.

5.

On or about February 2, 2022, Plaintiff was employed by defendants as a Jones Act Seaman and was normally assigned to work aboard the M/V TERREL WILLIAMS; however, at the time of the subject accident, he was temporarily assigned to work aboard another vessel owned and/or operated by his employer, namely the M/V SHAWN WILLIAMS.

6.

At all pertinent times hereto Defendants owned, operated, chartered and/or controlled a fleet of vessels, including the M/V SHAWN WILLIAMS, on the inland rivers of the United States and within the State of Louisiana.

7.

Kip Gisclair was at all material times an employee of defendants and assigned by defendants to work as a Captain aboard the M/V SHAWN WILLIAMS. The work Plaintiff performed aboard said vessel was in furtherance of the mission of the vessel.

8.

Plaintiff was injured on February 2, 2022, while working as a crewmember in the service of Defendants' towing vessel, the M/V SHAWN WILLIAMS (the "Vessel") which was at a shipyard in Lafitte, Louisiana. Plaintiff was using an exterior stairwell to go from an upper deck to a lower deck when unsafe, defective and unseaworthy conditions of the stairwell caused him to fall down the stairwell and sustain emotional and physical injuries.

9.

Because of the negligence of defendants in failing to provide a safe place to which to work, Kip Gisclair was injured.

10.

The sole and proximate cause of the above-described accident and the resulting injuries Plaintiff sustained were the carelessness, recklessness and negligence of defendants, their agents, and employees, in the following non-exclusive respects:

1. Breach of a legally imposed duty of reasonable care owed by defendants to the Plaintiff;

2. Failure to provide Plaintiff with safe and efficient means of transit between upper and lower decks of the M/V SHAWN WILLIAMS;

3. Failure to inspect, maintain, detect and repair unsafe, defective and unseaworthy conditions of the exterior stairwell;

4. Failure to warn Plaintiff of the unsafe, defective and unseaworthy conditions of the exterior stairwell;

5. Failure to provide Plaintiff with a seaworthy vessel;

6. Failure to provide Plaintiff with a safe place to work;

7. Failure to properly train and orient Plaintiff;

8. Failure to properly train the vessel's crew and shoreside personnel;

9. Failure to take any means or precautions for the safety of defendants' employees; including Plaintiff;

10. Failure to provide minimum safety requirements;

11. Failure to comply with internal company policies and procedures;

12. Failure to comply with the Towing Safety Management System as required by federal law;

13. Failure to comply with industry and federal safety regulations, standards and recommendations; and

14. Other acts of negligence and unseaworthiness will be shown at the trial of this matter.

11.

Upon information and belief, the said accident and injuries to Kip Gisclair were not caused or contributed to by any fault or want of care on the part of the Plaintiff.

12.

As a direct result of the negligence of defendants and the unseaworthiness of the vessel, Plaintiff, Kip Gisclair is entitled to recover from defendants reasonable and just compensatory, special and general damages as prayed for herein and to be awarded by this Honorable Court in the following non-exclusive respects:

1. Past, present and future physical, mental, and emotional pain and suffering;
2. Past, present and future loss of wages, fringe benefits and wage earning capacity;
3. Past and future physical disability;
4. Past, present and future medical expenses; and
5. All other special and general damages as will be shown at the trial of this matter.

13.

According to the General Maritime Law of the United States, defendants, have and continue to have the absolute and nondelegable duty to provide Plaintiff with maintenance and cure benefits from the date he was rendered unfit for duty until maximum cure is achieved.

14.

As a result of the aforementioned accident, Plaintiff was rendered unfit for and presently remains unfit and incapable of returning to duty as a seaman.

15.

Requests have been made to Defendants through its insurance adjuster and designated counsel to authorize recommended medical treatment to Plaintiff which includes diagnostic testing and surgery. Despite amicable demand, Defendants refused and continue to refuse to authorize the recommended treatment despite having ample time to investigate the recommendation.

16.

Plaintiff prays for the payment of past, present and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which Plaintiff is entitled.

17.

Due to Defendants' failure to honor their maintenance and cure obligations, Plaintiff prays for attorney's fees, punitive damages and an additional compensatory award for Defendants' failure to authorize Plaintiffs' recommended treatment.

18.

To the extent Defendants continue to fail to honor their maintenance and cure obligations, Plaintiff prays attorney's fees, punitive damages and an additional compensatory award for their failure to honor their cure obligations.

19.

Plaintiff prays for a trial by jury on all issues raised herein.

WHEREFORE, Plaintiff prays that Defendants Wood Towing, L.L.C., Wood Resources, L.L.C., and Mile Point, L.L.C., be duly cited to appear and answer this Complaint and after the legal delays and due proceedings had, there be Judgment herein in favor of the Plaintiff, Kip Gisclair and against the defendants, Wood Towing, L.L.C., Wood Resources, L.L.C., and Mile Point, L.L.C. for all damages to which the Plaintiff is entitled to recover for the reasons set forth

herein, together with legal interest thereon from date of judicial demand until paid, for payment of all costs, including expert fees, and for all other general and equitable relief.

FURTHERMORE, Plaintiff prays that Defendants, Wood Towing, L.L.C., Wood Resources, L.L.C., and Mile Point, L.L.C. be cast in judgment in favor of the Plaintiff for past, present, and future adequate maintenance and cure benefits as well as past, present and future payment of any and all cure benefits to which Plaintiff is entitled by law and punitive damages, compensatory damages and attorneys' fees.

AND FOR ALL GENERAL AND EQUITABLE RELIEF

Respectfully submitted,

**ADAM DAVIS LAW FIRM**

BY:   *s/ Adam Neely Davis*
**ADAM NEELY DAVIS** (Bar No. 35740)
22368 HWY 435
Abita Springs, Louisiana 70420
Telephone: 504 553 1435
Facsimile: 504 553 1439
Email: ad@adamdavislawfirm.com

ATTORNEY FOR KIP GISCLAIR

**COSSICH, SUMICH, PARSIOLA, & TAYLOR, L.L.C.**

BY:   **/s/ David A. Parsiola**
**PHILIP F. COSSICH, JR., # 1788**
**DAVID A. PARSIOLA #21005**
**ANDREW CVITANOVIC, #34500**
**JODY FORTUNATO, # 31728**
**NATALIE KOBETZ, #36535**
8397 Highway 23, Suite 100
Belle Chasse, Louisiana 70037
Telephone: (504) 394-9000
Facsimile:  (504) 394-9110
Counsel for Marquise Hatcher

ATTORNEYS FOR KIP GISCLAIR

7